# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Conceivex, Inc.,

          Plaintiff,      Case No. 15-cv-14239

v.                                Judith E. Levy
                                United States District Judge

Rinovum Women's Health, Inc.,
Rinovum Women's Health, LLC,    Mag. Judge Elizabeth A. Stafford
and The Stork IB2C, Inc.,

          Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND [42, 43]

Before the Court is plaintiff Conceivex, Inc.'s motion to amend the complaint. (Dkts. 42, 43.)

For the reasons set forth below, plaintiff's motion is granted.

### I.    Background

This case arises out of defendants' alleged infringements of plaintiff's copyright of the manual for its CONCEPTION KIT. Plaintiff alleges that it holds the copyright to the "Instructions for Use" document included with its CONCEPTION KIT. Defendants sell The Stork OTC

Home Conception Device, and the instruction manual included with defendants' product allegedly copied or used language substantially similar to the copyrighted material in plaintiff's manual.

Plaintiff filed this complaint on December 3, 2015, and filed a first amended complaint on March 2, 2016. (Dkts. 1, 6.) The original scheduling order permitted the parties to amend the pleadings until May 12, 2016. (Dkt. 16.) Under the current scheduling order, the cutoff for fact discovery is October 2, 2017, and expert discovery closes February 2, 2018. (Dkt. 36.)

On March 29, 2017, plaintiff filed a motion seeking leave to file a second amended complaint, and seeks to add Mr. Stephen Bollinger, an executive officer of defendants, as a defendant. (Dkts. 42, 43)

II. **Legal Standard**

Fed. R. Civ. P. 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." But "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (internal citations omitted). "Ordinarily, delay alone, does not justify

denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

### III. Analysis

Plaintiff seeks to amend the complaint to add Stephen Bollinger, an executive officer of defendant organizations, as a defendant. Defendants argue that the motion has been brought with undue delay; in bad faith to embarrass Mr. Bollinger; and will prejudice defendants because the case has been handled under the assumption that plaintiff was not seeking any personal liability. Further, defendants argue that an amendment would be futile, as plaintiff fails to allege that Mr. Bollinger was personally involved in the copyright infringement. Finally, defendants argue that the Court lacks personal jurisdiction over Mr. Bollinger. (Dkt. 45.)

#### *Undue Delay, Bad Faith, and Prejudice*

The parties first dispute whether the motion was filed with undue delay. Plaintiff claims the motion is timely because "[o]nly as discovery has progressed has it become clear that Bollinger was personally involved

3

in and/or directed Defendants' infringing activities," and "many of the documents relied upon . . . were not produced by Defendants until March 8, 2017." (Dkt. 43 at 16.) Defendants argue the motion was filed with undue delay because, "[s]ince the beginning of their dealings, [plaintiff] knew that Mr. Bollinger was the CEO or principal of Rinovum," and failed to amend the complaint during the time permitted under the scheduling order. (Dkt. 45 at 16.) Further, defendants claim that plaintiff's "recently obtained" argument is "disingenuous" given that plaintiff relies mostly on publicly available information in the proposed second amended complaint. (*Id.* at 17.)

That plaintiff knew of Mr. Bollinger's existence when the lawsuit was filed does not indicate it knew at that time the extent of his involvement with the alleged copyright infringement. Thus, defendants cannot rely on this to demonstrate undue delay. Further, although defendants argue that most of the information about Mr. Bollinger is publicly available, they offer no support for this contention. For example, plaintiff alleges that "Mr. Bollinger personally directed the Defendants to engage in the alleged activities" and "was personally involved in the development of Defendants' products and instructions; [and] in

4

Defendants' use of Plaintiff's copyright." (Dkt. 43-2 at 5, 7.) It may be public information that Mr. Bollinger is CEO of defendants, and that he likes to make technology "user friendly." (Dkt. 43 at 19.) But that in itself does not determine or indicate the extent of his involvement in all aspects of the business, including whether he was personally involved in writing or marketing the allegedly infringing instructions or in directing employees to do so. Defendants have not refuted plaintiff's claim that they recently obtained documents showing Mr. Bollinger's personal involvement in infringement, and therefore cannot demonstrate undue delay. *Gen. Elec. Co. v. Adv. Stores Co., Inc.*, 285 F. Supp. 2d 1046, 1049–50 (N.D. Ohio 2003) (plaintiff permitted to amend complaint to add new claim based on information obtained in discovery despite the fact that complaint was first filed one and a half years earlier).

Moreover, to the extent that plaintiff has alleged the discovery of new information that inculpates Mr. Bollinger, it has demonstrated good cause for seeking to amend after the scheduling order deadline has passed. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause . . . for failure earlier to seek leave to amend").

5

Next, the parties disagree as to whether the motion was filed in bad faith. Plaintiff argues the motion was filed in good faith and "reflects a necessary step for Plaintiff to protect its interests." (Dkt. 43 at 14.) Defendants argue that plaintiff knows "there is insurance coverage that may apply to any judgment or damages," and therefore that "the only reason to add Mr. Bollinger to this case is to embarrass him, create a distraction, . . . to cause him problems in the future, and to needlessly increase the expense of this litigation." (Dkt. 45 at 17–18.)

Although defendants' potential liability may be covered by insurance, it is not an act of bad faith to seek to add a corporate officer who is liable for infringement, especially if the complaint also seeks injunctive relief, as it does here. That plaintiff seeks to hold all potentially liable parties responsible is not itself sufficient to suggest bad faith. *See United States v. Atlast Lederer Co.*, 215 F.R.D. 539, 543 (S.D. Ohio 2003) (no bad faith where government sought to add two corporate officers potentially liable in CERCLA case). Further, defendants offer no evidence to suggest that plaintiff has filed this motion to harass Mr. Bollinger or to unnecessarily increase the cost or duration of litigation. *See id.*; *see also Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir.

1993) (bad faith where plaintiff's motion to amend was attempt to avoid summary judgment).

Finally, the parties disagree as to whether a second amended complaint would prejudice defendants. Plaintiff argues that because discovery has not yet ended and defendants have already agreed to produce many of Mr. Bollinger's documents, defendants will not suffer prejudice. (Dkt. 43 at 15.) Defendants argue that they will be prejudiced because they have been "strategically and tactically" proceeding with the case since 2015 "as if no personal liability was being sought," and changing this now would require them to "serve new interrogatories and requests for documents." (Dkt. 45 at 18.) Further, the amended complaint would require the parties to conduct more discovery and the time for identifying lay witnesses has already passed. (*Id.* at 19.)

Here, although the case has been pending for nearly two years, the parties have not proceeded past discovery. Fact discovery continues until October 2017 and expert discovery until February 2018. Thus, even though defendants may have to issue more interrogatories or change strategy, they will not be unduly prejudiced given that there is significant time for them to complete both fact and expert discovery. Moreover,

7

although the initial deadline for disclosing lay witnesses has passed, Fed. R. Civ. P. 16(b)(4) permits the Court to modify the scheduling order, including to add witnesses, if a party shows good cause. *See, e.g.*, *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 724 F. Supp. 2d 701, 707 (E.D. Mich. 2010); *Station Enters., Inc. v. Ganz, Inc.*, Case No. 07-cv-14294, 2009 WL 3059148, at *5 (E.D. Mich. Sept. 24, 2009). What the Federal Rules seek to prevent is a party surprising an opposing party by disclosing a witness on the eve of trial, not to prevent a party from adding witnesses whose identities are learned over the course of litigation. *Id.* Thus, defendants have not made a "significant showing of prejudice" that would weigh in favor of denying the motion. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *see also Chapman v. Michigan*, Case No. 06-cv-10126, 2007 WL 172537, at *2 (E.D. Mich. Jan. 19, 2007) (denying motion where plaintiff waited until 17 days before discovery closed to seek to add a new claim).

### *Futility*

Defendants next argue that plaintiff's amendment is futile because Mr. Bollinger cannot be held personally liable under the Copyright Act. (Dkt. 45 at 20.) Specifically, defendants argue that plaintiff failed to

8

allege that they "copied and sold the Instructions for Use ('IFU's') in connection with [their] product." Instead, defendant argues that plaintiff alleges only "some similarity between certain words or phrases in that IFU with the IFU for the Stork OTC conception aid." (Dkt. 45 at 20.)

Under the Copyright Act, a corporate officer may be held liable for copyright infringement under the following conditions:

> (1) the officer personally participated in the actual infringement; or (2) the officer derived financial benefit from the infringing activities as either a major shareholder in the corporation, or through some other means such as receiving a percentage of the revenues from the activity giving rise to the infringement; or (3) the officer used the corporation as an instrument to carry out a deliberate infringement of copyright; or (4) the officer was the dominant influence in the corporation, and determined the policies which resulted in the infringement; or (5) on the basis of some combination of the above criteria.

*Sailor Music v. IML Corp.*, 967 F. Supp. 565, 569 (E.D. Mich. 1994) (quoting *Marvin Music Co. v. BHC Ltd. P'ship*, 830 F. Supp. 651, 654–55 (D. Mass. 1993)); *see also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004); *Innovation Ventures, L.L.C. v. Aspen Fitness Prods., Inc.*, Case No. 11-cv-13537, 2015 WL 11071470, at *16 (E.D. Mich. 2015).

Here, plaintiff alleges that Mr. Bollinger was "personally involved in the development of Defendants' products and instructions; in Defendants' use of Plaintiff's copyright; and in marketing and promoting Defendants [*sic*] Products." (Dkt. 43 at 23.) Further, Mr. Bollinger is the founder, CEO, and president of defendant organizations, (*id.* at 4), and he "personally directed the Defendants to engage in the alleged activities . . . and specifically directed its employees to do so." (*Id.* at 5.) Plaintiff also alleges that he "directed and controlled, and continues to direct and control, Defendants' sales of THE STORK OTC Home Conception Device into Michigan," (Dkt. 43-2 at 4), that all defendants "have financially profited from their infringement," (*id.* at 14), and that the allegedly infringing warnings were "in the documentation included with THE STORK OTC HOME CONCEPTION DEVICE." (*Id.* at 10.)

Taking these allegations as true, plaintiff has sufficiently alleged a claim for personal liability against Mr. Bollinger. The proposed second amended complaint alleges (1) that he "personally directed" defendants and employees to infringe plaintiff's copyright, and (2) that he and the corporate entities financially benefited from the sale of the infringing items. And defendants' argument that the proposed second amended

complaint does not indicate that the infringing manual was sold with defendants' products fails to consider the proposed complaint as a whole. As set forth above, plaintiff alleged (1) that Mr. Bollinger directed and controlled sales of THE STORK OTC in Michigan, and (2) that the infringing instructions were included with the product. These allegations are sufficient to reasonably infer that the infringing manual was sold with the product. Accordingly, plaintiff's claim is not futile.

### *Personal Jurisdiction*

Defendants argue that the Court lacks personal jurisdiction over Mr. Bollinger.

In the Sixth Circuit, "personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (internal quotation and citation omitted). "Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Id*.

MICH. COMP. LAWS § 600.701 provides for general personal jurisdiction over an individual if "any of the following relationships" exists: (1) presence in the state at the time when process is served; (2) domicile in the state at the time when process is served; or (3) consent."

Mr. Bollinger's contacts with Michigan, as alleged by plaintiff, do not satisfy any of these statutory requirements. Accordingly, the Court lacks general personal jurisdiction over him.

MICH. COMP. LAWS § 600.705 provides for limited jurisdiction over individuals if any of the following relationships exist: (1) transaction of any business within the state; [or] (2) doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort."[1]

"Michigan's long-arm statute 'extends to the limits imposed by federal constitutional due process requirements and thus, the [statutory and due process inquiries] become one.'" *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). And in the Sixth Circuit, to ensure that jurisdiction comports with due process, "the following three criteria must be met: (1) the defendant must purposefully avail himself of the privilege of acting in the

---

[1] Additional relationships are listed in the statute but are not relevant here.

forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889–90 (6th Cir. 2002) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Further, where no evidentiary hearing on jurisdiction has been conducted, the plaintiff "need only make a prima facie showing of jurisdiction." *Bird*, 289 F.3d at 871.[2]

Plaintiff alleges that Mr. Bollinger is the "Founder, President, and CEO of the Corporate Defendant organizations," and "continues to direct and control [] Defendants' sales of THE STORK OTC Home Conception Device into Michigan." (Dkt. 42-3 at 4 (para. 10).) Further, Mr. Bollinger was aware of plaintiff's proprietary rights and that it was a Michigan corporation. (*Id.* at 6 (para. 20).) And plaintiff alleges that Mr. Bollinger

---

[2] "An evidentiary hearing may be conducted if the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution." *SFS Check, LLC v. First Bank of Del.*, 990 F. Supp. 2d 762, 770 (E.D. Mich. 2013) (quoting *Amer. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). As set forth below, the allegations are not disputed; instead, the parties dispute whether the allegations are sufficient. Accordingly, the Court declines to exercise its discretion to hold an evidentiary hearing on this issue.

personally directed the Defendants to engage in the alleged activities . . . and specifically directed its employees to do so," and also "was personally involved in the development of Defendants' products and instructions; in Defendants' use of Plaintiff's copyright; and in marketing and promoting Defendants [*sic*] Products." (Dkt. 43-2 at 5, 7.)

Taking the allegations as true, plaintiff has sufficiently alleged that Mr. Bollinger intended to infringe plaintiff's copyrights through his participation in developing the instruction manual and his control and direction of corporate employees. "With that assumption, [Mr. Bollinger] certainly should have anticipated being haled into court," and through this conduct "did, in fact, unfairly injure [a Michigan] corporation." *Amer. Energy Corp. v. Amer. Energy Ptrs.*, Case No. 13-cv-886, 2014 WL 1908290, at *10 (S.D. Ohio May 9, 2014). Thus, his contact with Michigan is "not the result of random, fortuitous, or attenuated contacts, nor the unilateral activity of another party—it is the result of [Mr. Bollinger's] own intentionally tortious conduct purposefully directed to this forum." *Id.* Accordingly, the purposeful availment prong has been met.

Because Mr. Bollinger's alleged contact with Michigan included control of or direction to employees to infringe plaintiff's copyright, the

14

cause of action for copyright infringement directly arises from his contacts with this state. There is therefore a substantial connection or relationship between Mr. Bollinger's contacts with Michigan and the cause of action, which satisfies the second prong of the due process analysis.

Once the first two prongs are satisfied, "[a]n inference arises that the third factor is satisfied." *Bird*, 289 F.3d at 875 (internal quotation omitted). Reasonableness is determined by assessing several factors: "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id.*

Here, Mr. Bollinger may be burdened by defending in Michigan, but this burden is diminished by the fact that he is represented by the same counsel as the corporate defendants. Michigan's interest in protecting the business interests of its citizens and corporations and plaintiff's legitimate interest in obtaining relief in its home forum also weigh in favor of jurisdiction. *Gen. Motors L.L.C. v. Autel. US Inc.*, Case No. 14-cv-1223357, 2016 WL 1223357, at *6 (E.D. Mich. Mar. 29, 2016). And "[f]inally, because the defendant[s'] alleged actions targeted intellectual

property located in Michigan, no other place would be a more appropriate forum to afford an efficient resolution of the conflict." *Id*. Thus, exercising jurisdiction over Mr. Bollinger is reasonable and satisfies the due process inquiry.

Accordingly the Court has personal jurisdiction over Mr. Bollinger with respect to the copyright infringement claims.

### *Venue*

Defendants argue that even if the Court has jurisdiction, this Court is the improper venue.

Venue in a copyright case is governed by 28 U.S.C. § 1400(a), which provides for venue "in the district in which the defendant or his agent resides or may be found." "The general rule of construction of § 1400(a) is that a defendant 'may be found' in any district where he is subject to personal jurisdiction or where he may validly be served with process." *Avanti Press v. Quackenbush*, Case No. 13-cv-12185, 2014 WL 12658960, at *3 (E.D. Mich. Feb. 5, 2014) (quoting *Mihalek Corp. v. Michigan*, 595 F. Supp. 903, 906 (E.D. Mich. 1984), *aff'd*, 814 F.2d 290 (6th Cir. 1987)).

In this case, the Court has already determined it has personal jurisdiction over Mr. Bollinger, and he therefore "may be found" here.

Accordingly, venue is proper. *Brink v. Ecologic, Inc.*, 987 F. Supp. 958, 965 (E.D. Mich. 1997); *Big Guy's Pinball, LLC v. Lipham*, Case No. 14-cv-14185, 2015 WL 4209042, at *4 (E.D. Mich. July 10, 2015).

## IV. Conclusion

For the reasons set forth above, plaintiff's motion to amend (Dkts. 42, 43) is GRANTED.

IT IS SO ORDERED.

Dated: August 15, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2017.

 s/Shawna Burns
 SHAWNA BURNS
 Case Manager